UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEENA V. HENRY,<br><br>               Plaintiff,<br><br>     v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,<br><br>               Defendant. | Case No. C18-856 MJP<br><br>**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE** |

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred by discounting the opinions of an examining doctor. Dkt. 7. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 28 years old, has a high school education, and has worked as a teacher's aide and a janitor. Administrative Record (AR) 20-21. Plaintiff applied for benefits in 2014, alleging disability since birth. AR 88. Plaintiff's applications were denied initially and on reconsideration. AR 86, 87, 112, 113. After the ALJ conducted a hearing in November 2016, the ALJ issued a decision finding plaintiff not disabled. AR 10-22.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 1

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the application date.

**Step two:** Plaintiff has the following severe impairments: obesity, disorder of skin tissue, affective disorder, anxiety disorder, and substance abuse disorder.

**Step three:** These impairments do not meet or equal the severity of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff can perform light work. She can never climb ladders, rope, and scaffolding. She can occasionally balance, kneel, crouch, crawl, and climb ramps and stairs. She can frequently stoop. She should avoid concentrated exposure to humidity, extreme heat, and hazards. She can perform simple routine tasks, in a routine work environment with simple work-related decisions. She can only have superficial interaction with coworkers and supervisors, and incidental interaction with the public that is not a required element of her job.

**Step four:** Plaintiff has no past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that plaintiff can perform, she is not disabled.

AR 12-22. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1.

## DISCUSSION

This Court may set aside the Commissioner's denial of social security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Each of an ALJ's findings must be supported by substantial evidence. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the Commissioner's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005).

Plaintiff contends the ALJ erred by discounting the opinions of examining psychologist David Widlan, Ph.D. Dkt. 7. An ALJ may only reject the uncontradicted opinion of an examining doctor by giving "clear and convincing" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Even if an examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by stating "specific and legitimate" reasons. *Id.* The ALJ can meet this standard by providing "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citation omitted). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725.

After examining plaintiff in April 2014 and April 2016, Dr. Widlan opined that she had severe limitation in the ability to complete a normal work day and work week without interruptions from psychologically based symptoms, and marked limitations in the abilities to follow detailed instructions, maintain punctual attendance, learn new tasks, adapt to changes and make simple decisions at work, be cautious of normal hazards, and communicate and perform

effectively at work. AR 369, 791.

The ALJ gave Dr. Widlan's opinions "minimal weight" because plaintiff's presentation to him differed markedly from what her care providers described, and because Dr. Widlan's opinions were based less on objective evidence than on plaintiff's unreliable self-reports. AR 17-18, 19.

### A. Contradiction with Treatment Records

Plaintiff argues in her reply brief that the ALJ cited plaintiff's differing presentations to discount only her own testimony, not Dr. Widlan's opinions. Dkt. 9 at 2. That is incorrect. In the paragraph addressing Dr. Widlan's opinions, the ALJ stated: "As already discussed, the claimant's abnormal examination findings during Dr. Widlan's state agency evaluations are inconsistent with her presentation with treatment providers." AR 19.

An ALJ may discount a medical opinion that is contradicted by other evidence in the medical record. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Substantial evidence supports the ALJ's finding that plaintiff presented differently to Dr. Widlan than to treatment providers. Plaintiff reported "no history of" substance abuse to Dr. Widlan, but in December 2014 she told a medical provider that she had abused cocaine in 2010 and misused muscle relaxers "in the past." AR 368, 790, 751. Plaintiff told Dr. Widlan that she had manic symptoms including racing thoughts, but in October 2013 denied to a care provider that she had manic symptoms, specifically including racing thoughts. AR 368, 789, 472. The ALJ reasonably inferred that statements to treatment providers were more likely to be accurate, and thus concluded that Dr. Widlan's evaluation relied on inaccurate information. *See* AR 19; *Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). This was a specific and legitimate reason to discount Dr.

1  Widlan's opinions, because Dr. Widlan clearly relied on plaintiff's self-reports of racing

2  thoughts for his diagnosis of bipolar disorder and symptoms of mania including "racing

3  thoughts."  AR 372, 790; *see Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (that doctor

4  was "undoubtedly influenced" by incorrect information was a specific and legitimate reason to

5  discount opinion).

### B.      Reliance on Plaintiff's Reports

Plaintiff argues that Dr. Widlan did not rely more heavily on her reports than his own objective testing.  If an examining doctor's "opinions are based 'to a large extent' on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may discount the treating provider's opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)).  The ALJ found plaintiff not credible, and plaintiff does not challenge that finding.  AR 18.  "However, when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim*, 763 F.3d at 1162. "[T]he rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).  Clinical interviews and mental status evaluations "are objective measures and cannot be discounted as a 'self-report.'" *Id.*  However, Dr. Widlan's findings in the mental status exam differed significantly from treatment providers' findings.  In an April 2014 psychological evaluation, plaintiff's provider found entirely normal results except for anxious mood.  AR 824. In contrast, in April 2014, Dr. Widlan found anxious and depressed mood, restricted affect, and abnormal thought content and process.  AR 370.  The only measures that were based entirely on Dr. Widlan's own observation—appearance, speech pattern, and attitude and behavior—were all

normal. AR 370. "When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict." *Batson*, 359 F.3d at 1195. The ALJ's conclusion that treating provider findings were more likely to be accurate is rational and must be upheld. *See Burch*, 400 F.3d at 680-81. Reliance on plaintiff's discredited self-reports was another specific and legitimate reason to discount Dr. Widlan's opinions.

The Court concludes the ALJ did not err by discounting Dr. Widlan's opinions.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 4th day of December, 2018.

MARSHA J. PECHMAN
United States District Judge